IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO.: 5:16cr35-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| LARRY DEAN BALLARD ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **One Taurus 9mm semi-automatic handgun, serial number PT709**
- **Approximately $2,858 in U.S. currency**
- **Approximately $2,260 in U.S. currency**
- **One Glock 27 Generation 4, .40 caliber handgun, serial number RLK848**
  **Approximately $46,637 in U.S. currency**
- **One 2007 Suzuki motorcycle (VIN JS1VY53A872103787)**
- **One Browning BAR 30-06 semi-automatic firearm with scope, serial number 107NV10517**
- **One Python 357 Magnum handgun, serial number T15637**
- **One Smith & Wesson 38 Special handgun, serial number 1414705**
- **One Smith & Wesson 38 Special handgun, serial number K863063**
- **One Marlin Model 336, 35 Rem caliber rifle, serial number 21127097**
- **One Glenfield Model 60, .22 caliber rifle, serial number 27282191**
- **One Glenfield Model 60, .22 caliber rifle, serial number 26189258**
- **One Lefever Nitro Special, 12-gauge shotgun, serial number 351512**
- **One Fox Model B, 12- gauge shotgun with no serial number**
- **One Mak 90 Sporter, 7.62x39mm firearm, serial number 9301601**
- **One Lee Enfield SMLE 3, 303 caliber firearm, serial number 6598**
- **More than 100 rounds of various caliber ammunition**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
LARRY DEAN BALLARD
Defendant

*signature*
MATTHEW PRUDEN, ESQ.
Attorney for Defendant

Signed this the 6th day of September, 2016.

*signature*
HONORABLE DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE